1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   TONYA ENGELBRECHT,                    Case No.  1:18-cv-00740-DAD-EPG

12              Plaintiff,                  FINDINGS AND RECOMMENDATIONS
                                            RECOMMENDING THAT THIS ACTION BE
13       v.                                 DISMISSED, WITHOUT PREJUDICE, DUE TO
                                            PLAINTIFF'S FAILURE TO PROSECUTE THIS
14   UNION BANK, et al.,                    CASE AND FAILURE TO COMPLY WITH A
                                            COURT ORDER
15              Defendants.

16                                          OBJECTIONS, IF ANY, DUE WITHIN
                                            FOURTEEN (14) DAYS
17

18         Tonya Engelbrecht ("Plaintiff") is proceeding *pro se* in this action. (ECF No. 1.) Plaintiff

19   filed the complaint commencing this action on March 29, 2018. (ECF No. 1.) Plaintiff did not pay

20   the filing fee and instead submitted an application to proceed *in forma pauperis* pursuant to 28

21   U.S.C. § 1915 on March 30, 2018. (ECF No. 2.) On April 4, 2018, Plaintiff filed a request to

22   amend/grant IFP status (ECF No. 4). However, Plaintiff did not use the proper form and did not

23   include all information necessary to determine whether she was entitled to proceed *in forma

24   pauperis.* Therefore, the Court denied Plaintiff's application without prejudice and instructed

25   Plaintiff to submit a renewed IFP application on the standard court form, with all sections

26   completed and all requested information provided, or to pay the filing fee. (ECF No. 5.)

27         On May 14, 2018, Plaintiff filed a renewed IFP application. (ECF No. 6.) In her renewed

28   IFP application, Plaintiff put a line through several key provisions of the application. (*Id.*)

                                              1

Accordingly, on June 5, 2018, the Court entered an order denying Plaintiff's renewed application without prejudice. (ECF No. 9.) The Court gave Plaintiff thirty days to either pay the filing fee or to submit a completed and signed application to proceed *in formal pauperis*. (*Id.* at 2.) The Court warned Plaintiff that "failure to timely file a renewed IFP application in proper form, or to pay the filing fee, may result in a recommendation that his action be dismissed." (*Id.*)

The thirty-day deadline has expired, and Plaintiff has not paid the filing fee or filed a completed and signed application to proceed in forma pauperis. Accordingly, the Court will recommend that this case be dismissed, without prejudice, because of Plaintiff's failure to prosecute and failure to comply with a court order.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Pagtalunan,* 291 F.3d at 642 (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." *Pagtalunan,* 291 F.3d at 642. Here, Plaintiff's failure to pay the filing fee or to file a completed and signed application to proceed *in forma pauperis*, despite being ordered to do so by the Court, is delaying this case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan,* 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to

prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's failure to pay the filing fee, it appears that monetary sanctions are of little use. And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan,* 291 F.3d at 642.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1.     This case be dismissed, without prejudice, due to Plaintiff's failure to prosecute this case and failure to comply with a court order; and

2.     The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan,* 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 29, 2021**                            /s/ _Erica P. Grosjean_
                                                        UNITED STATES MAGISTRATE JUDGE